

GARY M. RESTAINO
United States Attorney
District of Arizona

SHEILA PHILLIPS
Assistant United States Attorney
Michigan State Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 3 0 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. | CR-23-1252-PHX-MTL (ASB) |
| Plaintiff, | **INDICTMENT** |
| vs. | VIO: 18 U.S.C. §§ 922(a)(6) & 924(a)(2) (Material False Statement During the Purchase of a Firearm) Counts 1 - 8 |
| Demarco James Delk, | |
| Defendant. | 18 U.S.C. § 924(a)(1)(A) (False Statement During the Purchase of a Firearm) Counts 9 - 16 |
| | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. §§ 853 and 881; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

### COUNTS 1 – 8

On or about the dates listed below, in the District of Arizona, Defendant DEMARCO JAMES DELK knowingly made false statements and representations in connection with the acquisition of a firearm to the businesses listed below, which were intended and likely to deceive the businesses as to a fact material to the lawfulness of a sale of a firearm by the business, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions

of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant DEMARCO JAMES DELK did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below stating he was the actual buyer or transferee of the firearm, and was not buying the firearm on behalf of another person, whereas in truth and fact, Defendant DEMARCO JAMES DELK knew that he was buying the firearm on behalf of another person:

| Count | Date | Business (FFL) |
| --- | --- | --- |
| 1 | June 3, 2020 | Superpawn, Phoenix AZ |
| 2 | September 15, 2022 | Sportsman's Warehouse, Phoenix AZ |
| 3 | September 25, 2022 | Sportsman's Warehouse, Phoenix AZ |
| 4 | December 14, 2022 | Sportsman's Warehouse, Phoenix AZ |
| 5 | January 7, 2023 | Smart Pawn First LLC, Phoenix AZ |
| 6 | January 27, 2023 | MMP Guns LLC, Phoenix AZ |
| 7 | March 9, 2023 | Tombstone Tactical, Phoenix AZ |
| 8 | March 14, 2023 | Glockmeister, Phoenix AZ |

In violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNTS 9 – 16

On or about the dates listed below, in the District of Arizona, Defendant DEMARCO JAMES DELK knowingly made false statements and representations to the businesses listed below, each of which was licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant DEMARCO JAMES DELK did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearms Transaction Record, in each of the counts below, stating that Defendant DEMARCO JAMES DELK resided at an address on North 60th Avenue, in Glendale, Arizona, whereas in truth and fact,

Defendant DEMARCO JAMES DELK knew that he resided at a different address:

| Count | Date | Business (FFL) |
|---|---|---|
| 9 | June 3, 2020 | Superpawn, Phoenix AZ |
| 10 | September 15, 2022 | Sportsman's Warehouse, Phoenix AZ |
| 11 | September 25, 2022 | Sportsman's Warehouse, Phoenix AZ |
| 12 | December 14, 2022 | Sportsman's Warehouse, Phoenix AZ |
| 13 | January 7, 2023 | Smart Pawn First LLC, Phoenix AZ |
| 14 | January 27, 2023 | MMP Guns LLC, Phoenix AZ |
| 15 | March 9, 2023 | Tombstone Tactical, Phoenix AZ |
| 16 | March 14, 2023 | Glockmeister, Phoenix AZ |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1 through 16 of this Indictment, which are incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1 through 16 of this Indictment, Defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of Defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property Defendant is liable.

If any forfeitable property, as a result of any act or omission of Defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States to seek forfeiture of any other property of said Defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*/s/*

FOREPERSON OF THE GRAND JURY
Date:  August 30, 2023

GARY M. RESTAINO
United States Attorney
District of Arizona

*/s/*

SHEILA PHILLIPS
Assistant U.S. Attorney

- 4 -