TIMOTHY COURCHAINE
United States Attorney
District of Arizona

SHEILA PHILLIPS
Michigan State Bar No. P51656
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Sheila.Phillips2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                  Plaintiff,<br><br>        vs.<br><br>Demarco James Delk,<br><br>                  Defendant. | No. CR-23-01252-PHX-MTL<br><br>**UNITED STATES SENTENCING MEMORANDUM** |

The United States requests the Court sentence Defendant to 6 months' imprisonment followed by 3 years of supervised release. Defendant's characteristics and criminal history do not warrant a downward variance to the extent recommended in the Presentence Investigation Report (PSR).

## I.    FACTS

On August 30, 2023, a 16-count indictment was filed in the United States District Court, District of Arizona, Phoenix, which charged Defendant with Counts 1 through 8: Material False Statement during the Purchase of a Firearm; and Counts 9 through 16: False Statement During the Purchase of a Firearm. PSR ¶ 1. A warrant was issued for the defendant's arrest on the same date, and finally executed on February 2, 2024, by the Avondale Police Department in Avondale, Arizona. *Id.* Defendant had 63 fentanyl tablets, two straws with fentanyl residue and $108.18 in cash when arrested and officers discovered the federal warrant. PSR ¶ 31.  Defendant told the arresting officers he was selling the

fentanyl because he lost his job in January 2024. *Id*. He later pleaded guilty to Possession of Drug Paraphrenia and received 18 months' probation. *Id*. Defendant tested positive for marijuana and fentanyl at the time of his arrest. PSR ¶ 4.

On February 15, 2024, the defendant appeared before a United States Magistrate Judge in Phoenix on his federal warrant and was ordered released on personal recognizance to the Crossroads residential substance abuse treatment program on February 21, 2024. PSR ¶ 1.

On October 29, 2024, Delk pleaded guilty to Count 16 of the indictment, False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §924(a)(1)(A), and entered a written plea agreement, which set a cap at the low end of the sentencing guidelines or 12 month and a 1 day if the low end was 12 months. PSR ¶ 3.

Defendant's federal charges resulted from his purchase of 24 firearms on 14 separate occasions, for suspected gang members in California. PSR ¶ 6. In support, law enforcement recovered a total of 8 of his purchased firearms in crimes in California. PSR ¶ 7.

## II.    SENTENCING GUIDELINE

The PSR accurately calculates Defendant's Total Offense Level at 13 after acceptance of responsibly, with a base level of 12 and a 4 point enhancement under USSG §2K2.1(b)(1)(B) for 24 firearms. PSR ¶¶ 19-29. Based on a total of 1 criminal history point, his Criminal History Category is I. PSR ¶¶ 32-33. Defendant's guideline range is correctly calculated a 12 to 18 months incarceration. PSR at 18. The PSR recommends a sentence of 5 years' probation, which requires a downward variance. *Id*. Defendant also requests a probationary sentence. *See* Doc. 36. The Government disagrees.

## III.    UNITED STATES SENTENCING RECOMMENDATON

Defendant engaged in a pattern of criminal activity that spanned months from June 3, 2020 until March 14, 2023. During that time Defendant purchased 24 firearms for the person in California who he knew likely sold them to prohibited possessors. Defendant's conduct was not limited to a few isolated, multiple purchases. He made 14 separate

purchases and lied 14 times on an ATF Form 4473 about being the actual purchaser of the firearms. PSR ¶ 6. Moreover, in February 2024 Defendant was selling fentanyl at the time of his arrest. Based on the extent of Defendant's conduct, a significant sentence is warranted to impress upon him the seriousness of his actions, promote deterrence and provide just punishment. Therefore, a sentence of 6 months is sufficient but not greater than necessary to achieve these goals.

There is nothing substantial in Defendant's history or characteristics that support a downward variance below the guidelines. Particularly because Defendant lied over and over again on the ATF Form 4473 and engaged in the sale of fentanyl. He also has arrests for violent behavior. *See* PSR ¶¶ 24, 36. To Defendant's credit, he entered a 120-day residential substance abuse program at Crossroads and successfully completed both inpatient and outpatient. PSR ¶ 47. He has also maintained employment since September 17, 2024. PSR ¶ 51. Based on his successful efforts to turn his life around, the government agrees with a downward variance to allow for a 6 month sentence – which requires three levels. A greater variance is insufficient to protect the public and promote deterrence.

## IV.    CONCLUSION

Therefore, the United States respectfully requests the Court sentence Defendant to a total of 6 months imprisonment followed by 3 years of supervised release.

Respectfully submitted this 11TH day of March 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Sheila Phillips*
SHEILA PHILLIPS
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the above date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing sealed documents, and that true and accurate copies have been transmitted electronically to the following recipient: Mark Rumold, *Attorney for Defendant*

 *s/ Carlton Covington*
United States Attorney's Office